UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY PIERCE,

                Petitioner,

v.                                          Civil Action No.
                                              9:10-CV-00016 (GLS)

UNITED STATES DISTRICT COURT,

                Respondent.
_____

APPEARANCES:

JEFFREY PIERCE
 Petitioner *Pro Se*
Onondaga County Correctional Facility
P.O. Box 143
Jamesville, New York 13078

GARY L. SHARPE
UNITED STATES DISTRICT JUDGE

## **ORDER**

      Presently before the Court is a petition for a writ of habeas corpus brought by petitioner Jeffrey Pierce pursuant to 28 U.S.C. § 2254, and an application to proceed *in forma pauperis*. Dkt. Nos. 1-2. Petitioner is being detained at the Onondaga County Correctional Facility, and has not paid the required filing fee.

      28 U.S.C. § 2254 governs petitions filed by "a person in custody

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254 relief "is inapplicable absent a judgment of the State Court." *Lindsey v. Kruegler*, No. 07-CV-0800, 2007 WL 2903502, at *1 (N.D.N.Y. Oct. 1, 2007)(quoting *United States ex rel. Weston v. Nenna*, 290 F. Supp. 42 (S.D.N.Y.1968)).

Petitioner is not challenging a state court judgment of conviction. *See* Dkt. No. 1 at 2.  Rather, he is apparently awaiting action on criminal charges that are pending in Lisbon Town Court, and alleges that the Lisbon Town Court is denying his right to due process under the Fifth and Fourteenth Amendments because he "never got to go to court, getting the run around and being shafted." Dkt. No. 1 at 2, 5.  Since the criminal proceedings against Petitioner are ongoing, there has been no judgment or adjudication on the merits of petitioner's claims. This section 2254 petition is therefore premature. *Lindsay,* 2007 WL 2903502, at *1; *Williams v. Horn,* No. 06-CV-3068, 2006 WL 2333874, at *1 (E.D.N.Y. Aug. 9, 2006), *reconsideration denied* 2006 WL 2620427 (E.D.N.Y. Sept. 12, 2006); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973)(the habeas statute cannot be used to "permit the

derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."); *Montaya v. Attorney General of N.Y.,* No. 86 CV 4276, 1987 WL 6405, at *1 (E.D.N.Y. Jan.28, 1987) (petitioners awaiting trial could not seek habeas relief from state custody because no judgment had yet issued).

Even if Petitioner could show that he was in custody pursuant to a judgment of state court, a section 2254 petition may only be heard by a federal court after complete exhaustion of all state court remedies. 28 U.S.C. § 2254(b)(1)(A).[1]  Accordingly, this Court lacks jurisdiction to entertain this petition.[2]

**WHEREFORE**, it is

**ORDERED**, that this action (Dkt. No. 1) is **DISMISSED**; and it is

---

[1] An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless there is an "absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b). To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" any constitutional claims to the highest state court in the same factual and legal context in which it appears in the habeas petition. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

[2] In the event that Petitioner is ultimately convicted in the state trial court and he exhausts his state court remedies, he may then seek habeas relief in federal court upon a claim of violation of his constitutional rights.

**ORDERED**, that Petitioner's application to proceed in forma pauperis (Dkt. No. 2) is **denied as moot**; and it is

**ORDERED,** that the Clerk of the Court shall serve a copy of this Order on Petitioner in accordance with the Local Rules.

January 11, 2010

_____
United States District Court Judge